IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RONALD EARLE RUSHIN, aka Ronald Ash, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 118-078 |
| DEPUTY WARDEN SHELTON; CAPTAIN HARMON; LIEUTENANT GAINES; SERGEANT MINOR; SERGEANT JACKSON; OFFICER HOSLEY; OFFICER SHIVER; LESLEY WILLIAM, Nurse; ALICE WILLIAMS, Nurse; OFFICER DANIEL; OFFICER JENKINS; OFFICER ROSS; SERGEANT MOYLON; LIEUTENANT JORDAN; OFFICER KEMP; DEPUTY WARDEN ROBINSON; DEPUTY WARDEN ROBERTS; DEPUTY WARDEN TREBLE; LIEUTENANT MCNEAL; LIEUTENANT EASTON; OFFICER GAINER; WARDEN PHILBIN; SERGEANT WILLIAM; OFFICER LESLEY; and OFFICER ROSEMAN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice.

## I. PROPER CASE CAPTION

As evidenced in Plaintiff's filing history discussed herein, Plaintiff frequently files under the name "Ronald Ash." The Georgia Department of Corrections prisoner identification number for "Ronald Ash" is identical to the one provided by Plaintiff in the instant case. See http://www.dcor.state.ga.us; follow Find an Offender Link; search "Rushin, Ronald" (last visited Feb. 20, 2018). Accordingly, the Court **DIRECTS** the **CLERK** to include "aka Ronald Ash" with Plaintiff's name on the docket.

Furthermore, The Court **DIRECTS** the **CLERK** to update the spelling of Defendant Treble's last name and add Defendants McNeal, Easton, Gainer, Philbin, William, Lesley, and Roseman on the docket in accordance with the caption of this Order, which is consistent with Plaintiff's complaint. (Doc. no. 1, pp. 1, 4-5.)

## II. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)

(internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## III. DISCUSSION

### A. The Case Should Be Dismissed Because Plaintiff Has Three Strikes Under § 1915(g) and Does Not Qualify for the Imminent Danger Exception, and Therefore He Cannot Proceed IFP.

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous or for failure to state a claim upon which relief may be granted: (1) Rushin v. Obriens, 1:10-CV-02106, doc. no. 2 (N.D. Ga. July 29, 2010) (frivolous); (2) Ash v. Adamson, 4:10-CV-55, doc. nos. 7, 12 (M.D. Ga. June 30, 2010) (failure to state a claim and frivolous); and (3) Rushin v. Freeman, 1:05-CV-01699, doc. no. 2 (N.D. Ga. Aug. 16, 2005) (frivolous). See also Rushin v. McGre[w], 1:17-CV-5479, doc. nos. 3, 5 (N.D. Ga. Feb. 8, 2018) (collecting cases counted as strikes and dismissing case under § 1915(g)). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP unless he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

"[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Rather, in order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court. Id. Moreover, vague and conclusory

3

allegations of imminent serious physical injury will not suffice. See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (citing with approval Eighth Circuit precedent that conclusory allegations that defendant were trying to kill plaintiff insufficient to satisfy imminent danger exception); Odum v. Bryan Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008); Margiotti v. Nichols, No. CV 3:06-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006) (citation omitted).

Plaintiff provides no specific details concerning any particularized danger. Indeed, he has not detailed even one specific instance of harm befallen him or danger that is imminent at ASMP in his complaint. Plaintiff generally complains Defendants are stealing "most of the chicken boxes," "incentive packages," "medical pills by writing prescription[s] to inmates then just simply taking [them]," fifty-gallon drums of bleach, and "all meats." (Doc. no. 1, p. 6.) Plaintiff also alleges Defendants are trafficking meth, opioids, pills, weed, cigarettes, and cell phones. (Id.) Thus, Plaintiff's allegations fail to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### B.   The Case Should Also Be Dismissed for Abuse of Judicial Process.

Even if Plaintiff were not barred from proceeding IFP, the case is subject to dismissal because Plaintiff provided dishonest information in his complaint. The form complaint that Plaintiff used to commence this case asks several questions regarding prior filing history, including whether any lawsuits have been filed regarding the facts of this case and whether any prior cases in which Plaintiff was permitted to proceed IFP were dismissed as frivolous, malicious, or for failure to state a claim. (See doc. no. 1, pp. 2-3.) Plaintiff stated he (1) had

4

never filed any lawsuit while incarcerated or detained and (2) had never had a case dismissed as frivolous, malicious, or for failure to state a claim. (Id.)

As noted above, Plaintiff has filed *at least* three cases that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. Thus, Plaintiff provided false information about his prior history on his complaint form.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar.

5

21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).  Plaintiff's answers about filing other federal lawsuits, as well as the reason for dismissal, were blatantly dishonest, and therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 15th day of May, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA